NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MY LOAN NGUYEN,

            Petitioner-Appellant,

  v.

MICHAEL PALLARES,

            Respondent-Appellee.

No.   21-15359

D.C. No. 3:19-cv-02952-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Argued and Submitted May 10, 2022
San Francisco, California

Before: WALLACE, W. FLETCHER, and SANCHEZ, Circuit Judges.

    My Loan Nguyen appeals from the district court's denial of her 28 U.S.C. §

2254 petition for a writ of habeas corpus. Nguyen argues that incriminating

statements she made during custodial interrogation were admitted at her trial in

violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), and that she received

ineffective assistance of counsel during plea negotiations under the standard set

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Federal habeas relief "shall not be granted" to a state prisoner "with respect to any claim that was adjudicated on the merits in State court proceedings," unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. §§ 2254(d)(1), (2).  While Supreme Court precedent is the only source of "clearly established" federal law, "we must follow our cases that have determined what law is clearly established."  *Byrd v. Lewis*, 566 F.3d 855, 860 n.5 (9th Cir. 2009) (citation omitted).

The California Court of Appeal did not unreasonably apply clearly established federal law in determining that Nguyen had not unequivocally invoked her *Miranda* rights when she stated to police, "I think I shouldn't say any more from there."  *See Davis v. United States*, 512 U.S. 452, 459 (1994) (holding that "if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel," the officer is not required to cease questioning); *Clark v. Murphy*, 331 F.3d 1062, 1070–71 (9th Cir. 2003)

2

(holding that a state court was not unreasonable in finding the statement "I think I would like to talk to a lawyer" was not an unambiguous invocation of the right to counsel). Nor was the state court unreasonable to rest its determination in part on Nguyen's eagerness to continue speaking and volunteering information to police after her purported invocation. Although a suspect's post-request responses to continued interrogation may not be used to cast doubt on the clarity of an unambiguous invocation, *see Smith v. Illinois*, 469 U.S. 92, 99–100 (1984), Nguyen's statement was not unambiguous.

Nguyen argues that the state superior court unreasonably applied *Strickland* and reached a decision based on an objectively unreasonable factual determination when it rejected her ineffective assistance of counsel claim without holding an evidentiary hearing. Although Nguyen contends that her defense counsel failed to explain to her "the intricacies of her case," she cites no clearly established law obligating her counsel to provide her with any advice he failed to give. Nguyen does not dispute that her counsel accurately conveyed the terms of a twenty-year plea offer made by the prosecution on the morning of her preliminary hearing, or that he accurately advised that she could face life charges if she rejected the offer. Because Nguyen did not make out a colorable claim of ineffective assistance of counsel, she did not meet the threshold requirement for entitlement to an evidentiary hearing, *see Earp v. Ornoski*, 431 F.3d 1158, 1167 (9th Cir. 2005), or

entitlement to relief, *see Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

**AFFIRMED.**